[Crim No. 8595.   Second Dist., Div. Two.   Apr. 22, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN CARROLL, Defendant and Appellant.

H. M. Porter for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Walter E. White, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant Carroll appeals from the judgment of conviction entered against him following a nonjury trial upon an information in two counts charging him with the crime of assault with a deadly weapon in violation of section 245 of the Penal Code.

In seeking a reversal, appellant contends: (1) that the evidence was insufficient to support the convictions; and (2) that he "was denied due process by the trial judge in remanding him to jail if the trial was to be continued although he was then on bail."

The second assignment is based upon a misinterpretation of the record. The reporter's transcript makes it clear that when this cause was called for trial, appellant was not present; his counsel, Mr. Porter, appeared for him. The record reveals the following statements of counsel and the trial judge: "Mr. Porter: Mr. Carroll contacted me last night and said he would be here at 9:00 o'clock this morning, and the Court knows my entire knowledge. The Court: I will have to issue a bench warrant and forfeit the bail. Mr. Porter: Yes. The Court: In the case of bail, bail forfeited, bench warrant issued. Mr. Porter: Yes, your Honor. The Court: Let us see. There was a $2000 bail. Well, bail, $10,000. Mr. Porter: Thank you, Your Honor. I have no other alternative. The Court: Thank you very much."

Thereafter, a plea of guilty was entered by a codefendant who was represented by other counsel. Appellant's attorney thereupon advised the court that his secretary had just called the bailiff to report that appellant had contacted counsel's office and was en route to court. The court then stated: "I can only let the present order stand. If he gets here, we will discuss the matter at that time. We had better keep all witnesses here, Mr. Prosecutor, until we see what the story is."

When the court reconvened at 10:20 a.m., appellant attempted to explain his failure to appear at the hour scheduled by his assertion that he thought the case was set for 9:30 a.m. The court quite correctly observed that this was not an ade-

quate excuse for appellant's appearance after 10 o'clock, and that, as a result, the court, the witnesses, counsel, and the co-defendant had been kept waiting. The court therefore refused to vacate the bail forfeiture, but did reduce the bail on the warrant to $5,000. Therefore, contrary to appellant's assertion on this appeal, he was not "on bail" at the time the request for a continuance was considered. Further, contrary to appellant's assertion, the order remanding him to jail was not made contingent upon any continuance of his trial.

After having fixed the amount of appellant's bail, the court proceeded to consider his motion for a continuance. This motion was based upon appellant's claim that he had been in jail for two weeks, that he had lost all his clothes and all his evidence and that he had had no opportunity whatsoever to prepare for trial. The prosecutor advised the court that there had been three previous continuances in the case, but that he would not strenuously object to the granting of this fourth request. The court then asked appellant's counsel what date he desired, and, upon being advised that July 30th was requested, the court indicated that the suggested date would be satisfactory. The prosecutor raised an objection to this particular date, but before the question was resolved, appellant's counsel advised the court that "the defendant asks that we try the case today."

Manifestly, there was nothing whatsoever in these proceedings to indicate any denial of due process. Neither appellant nor his counsel made any attempt during the trial to show any loss of evidence, or that any desired witness was unavailable, or that any continuance would have benefited appellant. He has made no showing in regard to any of these matters on this appeal.

Appellant's claim relative to the sufficiency of the evidence is equally unmeritorious. He did not testify in his own behalf, and the uncontradicted evidence establishes that appellant and his codefendant Mayes were ordered out of a bar following some argument with the bartender. They later returned together, both armed with guns, and, as they entered the door, appellant told Mayes "to let him shoot 'the son-of-a-bitch.'" Mayes fired two shots at the bartender as he fled toward the rear. Appellant fired a shot toward the rear and one of these bullets passed through the body of a woman patron who was seated on a shuffle board.

Three witnesses testified that they saw appellant with a gun

in his possession. Two witnesses, and Mayes himself, testified that Mayes fired only twice and that subsequently they heard another shot. One witness testified that he saw appellant fire his gun, and that after Mayes had fired the second time and missed, appellant aimed his gun toward the rear of the room and fired it.

Even if this court could reweigh the evidence, which we cannot (*People* v. *Kemp,* 55 Cal.2d 458, 471 [11 Cal.Rptr. 361, 359 P.2d 913]), there is nothing in the instant record to raise even a shadow of a doubt as to the propriety of the judgment of conviction entered herein.

Judgment affirmed.

Fox, P. J., and Ashburn, J., concurred.